IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV488-GCM

TITIA LONG,                                          )
                                                     )
           Plaintiff,                                )
                                                     )
vs.                                                  )          ORDER
                                                     )
JEFFREY ALLEN BUNDA, TIMOTHY S.                      )
KINKAID, FRED BENSON, JP MORGAN                      )
CHASE N.A., GRADY & ELLIS/SHAPIRO                    )
& INGLE LLP,                                         )
                                                     )
           Defendants.                               )
_____                )

        This matter is before the court upon the Defendants' Motions to Dismiss [Doc. Nos. 7, 11

and 16] Plaintiff's Complaint.  The *pro se* Plaintiff has filed a response in opposition to each

motion [Doc. Nos. 13, 14 and 18].

                              **I. FACTUAL BACKGROUND**

        On August 6, 2012, Plaintiff brought this action alleging fraud and violations of various

State and Federal laws in connection with the foreclosure of a Deed of trust encumbering real

property owned by Plaintiff located at 1101 South Wendover Rd., Charlotte, NC. [Doc. No.1,

Complaint].  As Defendants Plaintiff named the original lender, JP Morgan Chase Bank, N.A.,

and the state court officials who presided over the foreclosure case and the substitute trustee and

his law firm.  Plaintiff's loan was foreclosed in connection with Mecklenburg County 11 SP

9384.[1]  On May 24, 2012, Defendant Benson, as assistant clerk of court, entered an order

_____

        [1]This Court may take judicial notice of the Foreclosure case without converting the
motion to a motion for summary judgment because the State court proceeding is a matter of
public record.  *Clark v. BASF Salaried Employees' Pension Plan*, 329 F.Supp. 2d 694, 697

                                           1

permitting foreclosure over Plaintiff's contest. [Doc. No.12, ex D]. Plaintiff alleges that Defendant Benson entered a judgment for foreclosure without lawful authority. [Doc. No. 1, Complaint ¶ 6]. Plaintiff timely appealed, and the appeal was heard by Defendant Kinkaid, a superior court judge. [*Id*. ¶ 7]. On July 16, 2012 the Honorable Timothy Kinkaid entered an order permitting foreclosure and dismissing Plaintiff's appeal. [Doc. No. 12, Ex. E.]. Judge Kinkaid found that "Fannie Mae is the holder of the said Promissory Note [and] [t]he balance due on said Promissory Note constitutes a valid debt to Fannie Mae." [*Id*.]. Judge Kinkaid ordered that "the Substitute Trustee is authorized to proceed with a foreclosure sale . . . ." [*Id*.].

The purported causes of action in Plaintiff's Complaint include:

- Fraud ("committed intentional perversion of truth for purpose to deprive of Rights and property(s), usurpation authority of unknown/foreign origin but not limited to.");

- Violation of Uniform Commercial Code 3:

- Violation of Title 18 part 1 chapter 47 section 1001;

- Trespass against Plaintiff in unlawful manner to deprive secure rights and due process

- Violation of statutes at large LXX chapter 4 section 5403;

- Violation of N.C. Gen. Stat. § 14-221.2;

- Violation of N.C. Gen. Stat. § 14-223;

- Violations of Statutes at large Title LXX chapter 4, Section 5407;

- Violation of Title 18 part 1 Chapter 79 Section 1622;

- Violation of RICO ACT 18 USC 1961-1968

- Violation of Fair Debt Collection Act Title 15 USC 1601-1667j and 1692g; and

---

(W.D.N.C 2004).

2

•       Violation of Title 12 § 226.39 (Regulation Z) part (a).

[Doc. No. 1, Complaint 4-6].

      Plaintiff seeks monetary damages in the amount of $5 million as well as injunctive relief requiring the defendants to return her property. [Doc. No. 1, Complaint at 7].


## II.  LEGAL STANDARD

      A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  When deciding a 12(b)(6) motion to dismiss, a court must "accept as true all factual allegations" presented in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 589 (2007).  In order to survive a 12(b)(6) motion to dismiss the plaintiff's complaint must contain more than mere legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007).  The claim is facially plausible when the factual content of the complaint allows the court to "draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Thus, if a complaint establishes a sufficient legal and factual basis for the claims asserted the motion to dismiss will be denied.

      The Fourth Circuit requires district courts to construe *pro se* complaints liberally to ensure that valid claims do not fail merely for lack of legal specificity.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Ensuring that form does not trump substance also requires courts to "look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" to determine whether a *pro se* plaintiff can survive a motion to dismiss. *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997) (per curiam) (referencing

3

*Gordon*, 574 F.2d at 1149-1151). However, this liberal construction need not extend to outright advocacy for the *pro se* plaintiff. *Gordon*, 574 F.2d at 1151. *Pro se* plaintiffs, with the assistance of the district court's lenient eye, must still do more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal citations omitted).

### III. ANALYSIS

**A. Subject Matter Jurisdiction**

It appears that Plaintiff's Complaint is an attempt to re-litigate issues that have already been judicially determined by the North Carolina state courts, therefore, this Court lacks jurisdiction over the subject matter of the Plaintiff's Complaint under the *Rooker-Feldman* doctrine. The doctrine is premised upon two United States Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine bars the exercise of federal jurisdiction where the claims are "inextricably intertwined" with the claims adjudicated in a state court. *Plyer v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997), *cert. denied*, 524 U.S. 945 (1998). Federal claims are "inextricable intertwined" with a state court decision where "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Id*, at 731. If the relief sought by the plaintiff would require a federal court to determine that the state judgment was erroneously entered or take action that would render the judgment ineffectual, then the district court lacks jurisdiction. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) *cert. denied,* 522 U.S 1077 (1998).

In *Exxon Mobil v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the Supreme Court set forth the rule of application for the doctrine, which can be divided into the following four-part test: "[1] cases brought by state court losers [2] complaining of injuries caused by state-

4

court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Id.*

Plaintiff's purported claims satisfy all four elements of the *Exxon Mobile* test in that Plaintiff is complaining of the state court foreclosure, which was allowed prior to Plaintiff initiating this action, and Plaintiff is seeking an order from this Court allowing her relief based on the determination that the foreclosure should not have been allowed – in direct contrast to the state court ruling. Plaintiff's additional claims are inextricably intertwined with the foreclosure proceeding and are, therefore, barred by *Rooker-Feldman*. Therefore, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**B. Fed. R. Civ. P. 12(b)(6)**

Furthermore, it appears that Plaintiff's Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint asserts in conclusory fashion that the defendants have violated state statutes, federal statutes and the common law by foreclosing on a debt that has been judicially determined by the North Carolina state courts to be a valid debt owed by Plaintiff. These conclusory allegations do not state a claim upon which relief can be granted because there has already been a judicial determination of the validity of the debt, that Fannie Mae has the authority to enforce the debt and that a foreclosure sale should be permitted under North Carolina state law. Therefore, Plaintiff's Complaint is also dismissed with prejudice based on her failure to state a claim upon which relief can be granted.

## IV. ORDER

The court has reviewed the Complaint and the filings of the parties and finds that the Complaint must be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss [Doc. Nos. 7, 11 and 16] are hereby **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

Signed: October 29, 2012

Graham C. Mullen
United States District Judge